IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| DIONNE M. KELLY-TAYLOR, | ) | CASE NO. 3:22-CV-00507-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | JENNIFER DOWDELL ARMSTRONG |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **(ECF DOC. NO. 8)** |
| Defendant, | | |

Now pending is the Commissioner's Motion to Dismiss for Lack of Prosecution. ("Motion," ECF Doc. No. 8.) For the foregoing reasons, it is RECOMMENDED that the Court GRANT the Motion for the reasons set forth below.

The legal basis underlying the Commissioner's Motion is that Plaintiff has not complied with Magistrate Judge Baughman's Order dated June 1, 2022. ("Order," ECF Doc. No. 7.) In relevant part, the Order provides that "[o]n or before July 1, 2022, the plaintiff must file their brief on the merits including a completed fact sheet in the form attached." (Order at 1.) The Order further instructs that "the issue statement must identify the finding claimed not supported by substantial evidence and the reason why the plaintiff asserts a lack of substantial evidence." (*Id.*) Because to date Plaintiff has failed to file <u>any</u> brief on the merits, the Commissioner requests that

the Court dismiss Plaintiff's case for failure to prosecute. Significantly, Plaintiff did not file a brief in opposition to the Commissioner's Motion.

The undersigned finds the Commissioner's Motion to be well-taken and therefore RECOMMENDS that the Court GRANT the Commissioner's Motion. As the Commissioner correctly notes in her Motion, the dismissal for failure to prosecute would have the effect of affirming the ALJ's decision that Plaintiff was not entitled to supplemental security income.

Dated: September 28, 2022
s/*Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or

waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).