# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DIONNE M. KELLY-TAYLOR,**                 CASE NO. 3:22 CV 507

    Plaintiff,

    v.                                                    JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

                                                             **MEMORANDUM OPINION AND**
    Defendant.                                      **ORDER**

Plaintiff Dionne M. Kelly-Taylor seeks judicial review of an adverse Social Security decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Defendant Commissioner of Social Security filed a Motion to Dismiss for Lack of Prosecution. (Doc. 8). Judge Armstrong recommends this Court grant the Commissioner's Motion and dismiss the case for want of prosecution. (Doc. 9). Plaintiff has filed an objection thereto. (Doc. 10).[1]

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2). The failure to file timely written objections to a Magistrate Judge's R&R constitutes a waiver of *de novo* review by the district court

---

1. Because it was not clear from the docket that either the Commissioner's Motion to Dismiss or the R&R were mailed to the *pro se* Plaintiff, the Court mailed a copy of both on October 14, 2022 and waited an additional fourteen days for objections. Plaintiff's objection was filed on October 20, 2022, and the Court deems it timely filed.

of any issues covered in the R&R. *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The R&R informed Plaintiff that "written objections . . . shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." (Doc. 9, at 2) (quoting Local Civ. R. 72.3). It further explained that "[o]bjections must be specific and not merely indicate a general objection to the entirety of the report and recommendation". *Id.* at 3 (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The scheduling order in this case also stated Plaintiff's brief on the merits must "identify the finding not supported by substantial evidence and the reason why the plaintiff asserts a lack of substantial evidence" and "the argument section of the brief must contain specific references to the evidence in the transcript supporting their arguments." (Doc. 7, at 1-2). Finally, that order stated the Court "will grant no extensions of the deadlines set forth in this order except upon motion in strict compliance with Federal Rule of Civil Procedure 6(b)." *Id.* at 10.

Plaintiff's brief was due August 9, 2022. *See* Non-document order dated July 8, 2022. As the R&R explained, as of September 28, 2022, Plaintiff had not filed a brief. (Doc. 9, at 1). Judge Armstrong therefore recommends the case be dismissed for failure to prosecute. *Id.* at 2.

Plaintiff's objection states she has "supported documents that [the] state[] of [her health is severe." (Doc. 10, at 1). She notes that she has "worked since 1985 . . . and stopped in 2014 due to [her] severe health conditions of Type II diabetes, hypertension, sleep apnea, anxiety, and depression." *Id.* at 2. She requests the Court rule in her favor. *Id.* Plaintiff notes she has filed a new application with the Social Security Administration (*id.* at 2) and attaches an October 17, 2022 Notice of Disapproved Claim (Doc. 10-1) and some 2022 medical records (Doc. 10-2).

2

The Court finds Plaintiff has not specifically identified any error in the R&R. She has also not provided any explanation for her failure to timely file a brief. Even if her objections were construed as a brief on the merits, Plaintiff has not complied with the original order in this case requiring that brief to specifically identify any error in the Commissioner's decision denying benefits.

The Court has reviewed Judge Armstrong R&R and agrees with the findings and recommendation therein. Therefore, the Court ADOPTS Judge Armstrong's R&R (Doc. 9) as the Order of this Court, GRANTS the Commissioner's Motion (Doc. 8), and DISMISSES this case.

IT IS SO ORDERED.

                                         *s/ James R. Knepp II*
                                         UNITED STATES DISTRICT JUDGE